748 P.2d 416

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robbie Ray SUTTON, Defendant–Appellant.**

**No. 16737.**

Court of Appeals of Idaho.

Dec. 31, 1987.

Dennis R. Byington, Burley, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Robbie Ray Sutton appeals from an order denying his motion under I.C.R. 35 for reconsideration of an indeterminate sentence of five years for burglary. He raises two issues. The first is whether the district court abused its discretion by imposing an excessive sentence; the second is whether the district court erred by not amending his sentence to give him credit for the time he spent on probation. For reasons stated below, we affirm.

■ First, we must address a threshold question. The state contends that the district court lacked jurisdiction to rule on Sutton's motion. Rule 35 authorizes a court to reduce a legal sentence "within 120 days after the sentence is imposed or within 120 days after the court releases retained jurisdiction. The court may also reduce a sentence upon revocation of probation as provided by law." This filing limitation is a jurisdictional limit on the authority of the court to consider the motion, and unless filed within the period, a district court lacks jurisdiction to grant any relief. *State v. Salsgiver,* 112 Idaho 933, 736 P.2d 1387 (Ct.App.1987); *State v. Parish,* 110 Idaho 599, 716 P.2d 1371 (Ct.App. 1986).

■ A review of the proceedings reveals the following. Sutton was originally sentenced on May 3, 1983, to an indeterminate five-year term after entering a guilty plea to one count of burglary. After retaining jurisdiction for a total of 180 days, the court suspended Sutton's sentence and placed him on probation for three years.

Sutton's probation was revoked in October of 1985 when Sutton admitted to violating the terms of his probation. Probation was reinstated after Sutton served thirty days in the county jail. In July of 1986 Sutton admitted to a second violation. On July 15 the court reinstated Sutton's suspended sentence and reduced the term to four years with credit for 234 days previously served. Sutton's Rule 35 motion was filed November 3, 1986, and denied on November 10.

Sutton's motion, filed approximately two and a half years after the date the sentence was imposed, is clearly not timely under Rule 35 requirements. Two recent cases *State v. Salsgiver, supra,* and *State v. Omey,* 112 Idaho 930, 736 P.2d 1384 (Ct. App.1987), have examined the meaning of "within 120 days after the sentence is imposed" and determined that "a sentence is 'imposed' when it is initially pronounced." *State v. Salsgiver, supra,* 112 Idaho at 934, 736 P.2d at 1388.

Sutton did file within 120 days of the date on which probation was revoked and the suspended sentence reinstated. However, Rule 35 allows reduction of sentence "upon" revocation of probation; it does not authorize reduction in response to a motion *after* probation has been revoked. Neither does the rule allow us to equate the revocation of probation with an imposition of sentence, triggering a new 120–day filing period. In *Omey* we considered such an argument:

> Omey argues that the combined acts of revoking probation and ordering a suspended sentence into execution ought to be treated as an imposition of sentence within the meaning of Rule 35. The argument is attractive from a policy standpoint. It would start the time running under Rule 35 when a defendant is most likely to seek a sentence reduction....

These policy considerations appear to weigh in favor of allowing a Rule 35 motion to be filed within 120 days after probation is revoked. Nevertheless, we are constrained to hold otherwise. The motion must be filed within 120 days after the sentence is "imposed." According to our Supreme Court, a sentence is "imposed" upon pronouncement, even if its execution has been postponed.

112 Idaho at 932, 736 P.2d at 1386.

■ The time which Sutton could have appealed from the sentence began to run when the five-year sentence was imposed and expired before he filed his motion for reduction of sentence. As in *Omey* and *Salsgiver*, the district court then lacked jurisdiction to consider the motion to reduce the sentence.[1] Accordingly, we do not reach the merits of Sutton's first issue, that the district judge abused his discretion by imposing an excessive sentence.

■ Sutton's second issue also arises from his "Motion for Reconsideration of Sentence" under I.C.R. 35. Sutton contends that the district judge erred by not giving him credit for time spent on probation before Sutton was incarcerated at the Idaho State Correctional Institute. This issue suggests not merely that the judge abused his discretion, but that he erred as a matter of law in refusing to give such credit.

Under I.C.R. 35 "the court may correct an illegal sentence at any time and may correct a sentence that has been imposed in an illegal manner within the time provided herein for the reduction of sentence." Arguably, Sutton's motion was not untimely as to this issue. Nevertheless, Sutton has not shown that this issue has any merit. He has made only a general argument of entitlement to credit. He has not supported his argument with any citations of legal authority.

Sutton's argument ignores the language of I.C. §§ 18–309 and 19–2603. These statutes provide that a defendant is not entitled to credit against his sentence for the time transpiring while he is at liberty on probation under a suspended sentence. Under I.C. § 18–309

if thereafter, during such term, [of imprisonment] the defendant by any legal means is temporarily released from such imprisonment and subsequently returned thereto, the time during which he was at large must not be computed as part of such term[;]

and under I.C. § 19–2603

if judgment was originally pronounced but suspended, ... the time such person shall have been at large under such suspended sentence shall not be counted as a part of the term of his sentence, but the time of the defendant's sentence shall count from the date of service of [the] bench warrant [for the probation violation].[2]

Accordingly, we hold that the district judge did not err in refusing to give the requested credit for time that Sutton spent on probation before the probation was finally terminated. Upon termination of probation, the court did reduce the sentence from five years to four years, giving credit for actual periods of incarceration. Upon this record it has not been shown that the credit was less than statutorily required. The order for execution of this sentence and the sentence itself were not illegal. Therefore, we affirm the order of the district court.

WALTERS, C.J., and BURNETT, J., concur.

---

1. The district court made its rulings before *Salsgiver* and *Omey* were decided. While not dispositive of the issue raised by Sutton, I.C.R. 35—effective November 1, 1987—now allows the court to reduce a sentence within 120 days after the court releases retained jurisdiction.

2. The heading of I.C. § 19–2603 is entitled "Pronouncement and execution of judgment after violation of *parole.*" (Emphasis added.) The use of the term "parole" is erroneous. As with the heading of I.C. § 19–2602, the term should instead be "probation." *See* Compiler's notes on I.C. § 19–2602.