761 P.2d 1251

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Robbie Ray SUTTON, Defendant–Appellant.**

**No. 16736.**

Court of Appeals of Idaho.

Sept. 9, 1988.

**900**

Gara Louise Newman, Rupert, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

PER CURIAM.

Robbie Sutton appeals from the district court's order denying his I.C.R. 35 motion for reduction of sentence. Sutton filed his motion three years after his sentence was imposed and three months after his probation was revoked. Sutton asks this court to determine whether the indeterminate five-year sentence he received upon a judgment of conviction for burglary is excessive, whether he should receive credit on his prison sentence for time he spent on probation, and whether he was denied the right to assistance of counsel in filing his Rule 35 motion.

In an earlier appeal brought by Sutton from a separate order denying a Rule 35 motion, we ruled adversely to Sutton on issues similar to the first two issues raised here. *See State v. Sutton,* 113 Idaho 832, 748 P.2d 416 (Ct.App.1987). There, we held that the district court did not have jurisdiction to consider Sutton's Rule 35 motion because it was not filed within 120 days after the sentence was imposed. Nor was a sentence reduction sought upon revocation of probation under Rule 35. We further held that time spent on probation may not be credited toward a prison sentence. The same law and reasoning apply in this case.

As to Sutton's last issue, we note that the record shows no request by Sutton for assistance of counsel in filing his Rule 35 motion. The record does show Sutton received assistance of counsel through the plea negotiations, the sentencing hearing and the probation hearings. We see no cognizable issue regarding assistance of counsel.

We affirm the order of the district court.