53 P.3d 834

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Michael Ray PARVIN, Defendant–Appellant.**

No. 27154.

Court of Appeals of Idaho.

June 21, 2002.

Review Denied Sept. 13, 2002.

Wiebe Fouser, Canyon County Public Defenders; Onadayo O. Onanubosi Deputy Public Defender, Caldwell, for appellant. Onadayo O. Onanubosi argued.

Hon. Alan G. Lance, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent. Lori A. Fleming argued.

GUTIERREZ, Judge.

Michael Ray Parvin appeals from the district court's December 8, 2000, order vacating its prior sentence reduction order and reinstating Parvin's original judgment of conviction and unified sentence of life imprisonment, with ten years determinate. Because we conclude that the district court unreasonably delayed its ruling on Parvin's Idaho Criminal Rule 35 motion, the district court was deprived of jurisdiction to initially grant it. Thus, we affirm.

## I.

## FACTUAL AND PROCEDURAL SUMMARY

In December 1999, Parvin pled guilty to one count of lewd and lascivious conduct with a child under the age of sixteen years, Idaho Code Section 18–1508. In exchange for that guilty plea, the state agreed not to seek additional charges related to other recent molestations admitted by Parvin. The state also conditioned its acceptance of the plea bargain upon Parvin's agreement that all of Parvin's victims, including their immediate family members, would be present and permitted to testify at sentencing.

At Parvin's sentencing hearing, several victims were heard through testimony, letters and victims' drawings, and statements compiled by their psychological counselor. Parvin was sentenced on February 23, 2000, to a unified life sentence with ten years determinate.

On June 12, 2000, Parvin filed a Rule 35 motion to reduce his sentence. Parvin's motion claimed that his sentence was unduly severe and provided as support, brief factual and sentence summaries of five purportedly comparative child molestation cases, but no new evidence. The state failed to file any response in opposition to Parvin's motion. Parvin's motion requested an order for an Idaho Department of Correction progress report. The district court determined that a report would provide insufficient proof of Parvin's rehabilitation, given the short duration of his confinement at the time, and denied that request.

Parvin's Rule 35 motion also requested an enlargement of time to supplement his Rule 35 motion. The court granted this request, allowing Parvin until July 27, 2000, to complete his filing. The district court's order granting this enlargement of time stated, "Defendant can present any information he desires with respect to his rehabilitation progress while in confinement without a report from Idaho Department of Corrections." Parvin did not supplement his motion with any additional evidence.

On September 26, 2000, the district court, without a hearing, granted Parvin's Rule 35 motion, reducing his sentence to a total of twenty years with five years determinate. The state, however, admittedly failed to notify Parvin's victims of the Rule 35 proceeding. Thus, Parvin's victims were not given the opportunity to participate in the Rule 35 proceeding.

On October 11, 2000, the state filed a motion for reconsideration of Parvin's sentence reduction, raising the issue of whether the victims' rights were violated and otherwise arguing that the court improperly ap-

plied the law in granting the motion. Parvin objected to the state's motion and on December 1, 2000, the district court held a hearing regarding these victims' rights concerns. At this hearing, testimony from one victim's mother and another victim's father was allowed in order to show that Parvin's victims had not received notification affording them the opportunity to exercise their constitutional and statutory rights to participate in Parvin's Rule 35 proceeding and had the continuing strong desire to exercise those rights.

On December 8, 2000, the district court vacated its September 26 order and reinstated Parvin's original sentence, ruling that the necessary victim notification had not occurred in the Rule 35 proceeding in violation of the victims' constitutional and statutory rights. Parvin appeals from this order.

## II.

## ISSUES ON APPEAL

Parvin asserts three arguments on appeal. First, he argues that the district court had no authority to vacate its September 26, 2000, Rule 35 order on the grounds that the order had been issued in violation of constitutional and statutory provisions regarding victims' rights notification. Second, Parvin asserts that the district court had no jurisdiction under which to entertain the state's motion for reconsideration. Third, Parvin claims that the district court, by reinstating his original sentence, violated Parvin's constitutional due process rights under the Fifth and Fourteenth Amendments to the United States Constitution.

The state counters, arguing the district court lost jurisdiction to act on Parvin's Rule 35 motion, thereby nullifying the September 2000 order to reduce his sentence. The state posits the alternative argument that, if the district court indeed retained jurisdiction over the Rule 35 motion, the court abused its discretion in reducing Parvin's original sen-

tence where the reduction was based solely upon a comparative sentence review and was granted without consideration as to whether the reduced sentence served the goals of sentencing.

## III.

## ANALYSIS

Parties cannot waive a lack of subject matter jurisdiction. *State v. McCarthy,* 133 Idaho 119, 122, 982 P.2d 954, 957 (Ct. App.1999). This issue may be raised at any point during judicial proceedings and also may be raised *sua sponte. See id.* Because issues of subject matter jurisdiction present questions of law, we exercise free review. *Id.*

The time limits memorialized in Rule 35 [1] are jurisdictional, and without appropriate other measures by the court, once these time limits expire, so too does the district court's jurisdictional authority to entertain motions or grant relief on motion under the Rule. *See, e.g., State v. Sutton,* 113 Idaho 832, 748 P.2d 416 (Ct.App.1987). The 120 day filing requirement in Rule 35 is construed strictly, and even a filing that is two days late will deprive the court of its jurisdictional power to decide on the motion. *See State v. Parrish,* 110 Idaho 599, 600–01, 716 P.2d 1371, 1372–73 (Ct.App.1986).

Although the 120–day filing period in Rule 35 is strictly enforced, the district court does not necessarily lose its jurisdiction by rendering its decision on a timely-filed motion after that period has expired. *State v. Torres,* 107 Idaho 895, 897–98, 693 P.2d 1097, 1099–1100 (Ct.App.1984). The court's jurisdiction over a timely-filed Rule 35 motion will remain intact "for a reasonable time beyond the deadline." *Id.* This allows the district court a reasonable time within which to fulfill its duties with respect to a Rule 35

1. Idaho Criminal Rule 35, in relevant part, states:

Motions to ... modify sentences under this rule must be filed within 120 days of the entry of the judgment imposing sentence or order releasing retained jurisdiction and shall be considered and determined by the court without the admission of additional testimony and without oral argument, unless otherwise ordered by the court in its discretion; provided, however[,] that no defendant may file more than one motion seeking a reduction of sentence under this Rule.

motion, but prevents instances in which the court, if it were required to decide the matter within 120 day period, could have its deliberations cut short or foreclosed altogether on a motion filed very near the end of that filing period. *See State v. Chapman*, 121 Idaho 351, 352–54, 825 P.2d 74, 75–77 (1992).

■■■■ Where the court's decision on a timely-filed Rule 35 motion is unreasonably delayed, however, and where the court fails to establish a record substantiating the reasons for its delay, the court's jurisdiction expires. *State v. Maggard*, 126 Idaho 477, 886 P.2d 782 (Ct.App.1994). This is so because after a reasonable time, the jurisdictional authority upon which the court decides a Rule 35 motion passes to the Commission of Pardons and Parole. *See Chapman*, 121 Idaho at 354–56, 825 P.2d at 77–79. The district court cannot usurp the power of the executive branch or the power of the legislative branch by unreasonably retaining jurisdiction for itself. *Id.; Brandt v. State*, 118 Idaho 350, 352, 796 P.2d 1023, 1025 (1990).

In *Chapman*, the district court originally denied the defendant's Rule 35 motion, some twenty-nine months after its filing. The defendant filed a motion for reconsideration, and the court granted relief ordering the defendant to be released on probation. The Idaho Supreme Court reversed the district court, deciding that the delay, caused at least in part to Chapman's repetitive withdrawal and retention of counsel, was not due to circumstances beyond his control. *Chapman* at 352, 354–56, 825 P.2d at 75, 77–79. In addition, the district court as part of its Rule 35 deliberations had conducted two evidentiary hearings, which included testimony from four Department of Correction employees, about the defendant's progress in prison. The Supreme Court held that the district court's infringement upon the Commission of Pardons and Parole's authority was *per se* unreasonable. *Id.* at 355, 825 P.2d at 78.

In *Maggard*, this Court held that the district court lost jurisdiction when it issued its Rule 35 decision some eight months after a timely filing. *See Maggard*, 126 Idaho at 478, 886 P.2d at 783 (Ct.App.1994). Maggard's probation had been revoked, and his previously suspended sentences for child mo-

lestation were imposed. Upon the filing of the Rule 35 motion, the district court announced that it would take the motion under advisement for six months. Eight months after filing, the court denied relief on the motion. The record in *Maggard* reflected nothing of the court's reasons for the six-month advisement period, no supplemental materials or requests to supplement by Maggard, no requests for abeyance by the parties, and no indication of court scheduling difficulties; in short, there was no evidence by which this Court could decide that the district court's delay in ruling was anything other than unreasonable. Although the relief requested in the Rule 35 motion had been denied and we affirmed that denial, we held that under *Chapman*, the court's delayed ruling improperly infringed upon the executive authority of the Commission of Pardons and Parole. *Id.* at 480, 886 P.2d at 785.

The record in the instant case likewise does not evidence the reasons for the district court's delay of more than three months in reaching its decision on Parvin's Rule 35 motion. It identifies no reasons for requiring an extended deliberative period; no requests to hold the decision in abeyance by the parties; and no indication of court scheduling difficulties. The court did not require additional time to examine the supplemental materials that Parvin requested to file, but did not. Finally, the district court's order indicates that it considered very little new material regarding Parvin's Rule 35 motion.

We conclude that the record proffers insufficient reason for the district court's delay of more than three months in deciding Parvin's Rule 35 motion. Because the delayed ruling in this case was unreasonable, we conclude the jurisdiction of the district court had expired.

## IV.

## CONCLUSION

For these foregoing reasons, we hold that the district court lost jurisdiction to rule on Parvin's Rule 35 motion. Our holding that the district court lost jurisdiction renders moot Parvin's other issues raised on appeal.

Accordingly, we affirm, albeit on different grounds, the district court's December 8, 2000, order to vacate its September 26, 2000, order granting reduction of Parvin's sentence.

Chief Judge PERRY and Judge Pro Tem HART concur.