**STATE of Idaho, Plaintiff–Respondent,**

v.

**Rene VELOQUIO, Defendant–Appellant.**

No. 29849.

Court of Appeals of Idaho.

Jan. 25, 2005.

Nevin, Benjamin & McKay, LLP, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

PER CURIAM.

Rene Veloquio was charged with two counts of lewd conduct with a minor and two counts of felony injury to a child and, pursuant to a plea agreement, pled guilty to one count of lewd conduct, I.C. § 18–1508. Veloquio was sentenced to a unified term of life imprisonment, with ten years determinate. Veloquio did not file an appeal from his judgment of conviction and sentence, but subsequently filed an I.C.R. 35 motion for reduction of sentence, which the district court denied. Veloquio appeals contending that the district court abused its discretion in denying his Rule 35 motion. We affirm.

■ Initially, we address the state's contention that the district court lost jurisdiction to decide the Rule 35 motion because the district court unreasonably delayed ruling on Veloquio's plea for leniency well beyond the 120–day jurisdictional limit established by Rule 35. The state correctly recites the general rule that a district court must rule within a reasonable time after the expiration of the 120–day period for filing a Rule 35 motion. *State v. Day,* 131 Idaho 184, 185, 953 P.2d 624, 625 (Ct.App.1998). The court loses jurisdiction to rule on the motion if the delay is unreasonable. *Id.* However, "[t]he reasonableness of any delay by the district court in ruling upon a Rule 35 motion must be evaluated in light of the purposes supporting the 120–day limitation and the reasons for the trial court's delay in each case." *State v. Tranmer,* 135 Idaho 614, 616, 21 P.3d 936, 938 (Ct.App.2001). The 120–day limit protects judges from repeated pleas by those sentenced and ensures that the court does not usurp the responsibilities of the parole officials. *Id.* at 616, 21 P.3d at 938.

The state's reliance on *State v. Parvin,* 137 Idaho 783, 53 P.3d 834 (Ct.App.2002), is misplaced. Even though the three-month delay in *Parvin* was admittedly shorter than the five-month delay in this case, *Parvin* is readily distinguishable. In *Parvin,* there was no justification in the record for the delay between the filing of the Rule 35 mo-

tion and the district court's ruling. This Court explained:

> The record in the instant case likewise does not evidence the reasons for the district court's delay of more than three months in reaching its decision on Parvin's Rule 35 motion. It identifies no reasons for requiring an extended deliberative period; no requests to hold the decision in abeyance by the parties; and no indication of court scheduling difficulties. The court did not require additional time to examine the supplemental materials that Parvin requested to file, but did not. Finally, the district court's order indicates that it considered very little new material regarding Parvin's Rule 35 motion.

*Parvin,* 137 Idaho at 786, 53 P.3d at 837.

Here, there is ample support in the record for the delay. Veloquio's judgment of conviction and sentence were entered on November 6, 2002. Following the judgment and commitment, new counsel substituted in to represent Veloquio on the Rule 35 motion. In the Rule 35 motion filed on January 15, 2003, new counsel requested an extension of time in order to review and investigate the bases for the motion. New counsel requested an order to allow him to review those documents in the file which were under seal, including the presentence investigation report (PSI). The district court held a brief hearing on the motion on February 7 and granted the motion to review the matters sealed in the court file with the PSI and allowed counsel sixty days to prepare supporting documentation for the Rule 35 motion. The order allowing access to sealed documents—including the PSI, the psychosexual evaluation, and the assessment report—was entered on February 13. On March 26, counsel lodged "Defendant's Brief in Support of Rule 35 Motion." On April 11, 2003, Veloquio filed his "Affidavit in Support of Rule 35 Motion," which included attachments proving completion of religion classes, occupational readiness training and verification of prison employment. New counsel noticed up the matter for a hearing which was held on June 13. The district court issued its ruling denying the Rule 35 motion on July 1, 2003. Last, the state's position on appeal is contrary to the prosecutor's position below where the prosecutor objected to having a hearing that might rush the district court in making a decision. Based on the specific facts of this case, the district court acted within a reasonable time in ruling on the Rule 35 motion and therefore had jurisdiction to decide the matter.

█ A motion for reduction of a sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Allbee,* 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct.App.1989). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde,* 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct.App.1987); *State v. Lopez,* 106 Idaho 447, 450, 680 P.2d 869, 872 (Ct.App.1984). Applying the foregoing standards and having reviewed the record, we conclude that the district court did not abuse its discretion in denying Veloquio's Rule 35 motion.

█ Veloquio also argues that the district court violated his due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1, Section 13 of the Idaho Constitution by the district court's reliance on materially false evidence at sentencing. Veloquio did not file a direct appeal and this constitutional challenge was not raised in Veloquio's Rule 35 motion. The Rule 35 motion was filed two months after the entry of judgment. Therefore, to the extent that Veloquio's appeal challenges the judgment of conviction and sentence entered on November 6, 2002, this Court is without jurisdiction to consider said claims. I.A.R. 14; *State v. Yeaton,* 121 Idaho 1018, 1019, 829 P.2d 1367, 1368 (Ct.App. 1992).

The order of the district court denying Veloquio's Rule 35 motion is affirmed.