**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 36836**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 600 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 19, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ELI THOMAS MOSHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Peter D. McDermott, District Judge.

Order revoking probation, affirmed.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

PERRY, Judge Pro Tem

Eli Thomas Mosho appeals from the district court's order revoking his probation. For the reasons set forth below, we affirm.

Mosho pleaded guilty to sexual abuse of a child under the age of sixteen, I.C. § 18-1506(1)(b), and was sentenced to a unified term of seven years with three years fixed. The district court retained jurisdiction and, following Mosho's successful completion of the program, his sentence was suspended and he was placed on supervised probation.

Thereafter, a report of violation was filed alleging that Mosho had violated several terms of his probation. Mosho entered an admission to some of the violations and the state withdrew the remaining allegations. On March 13, 2009, the district court filed its "Minute Entry and Order and Commitment Order," which revoked Mosho's probation and reinstated his sentence of seven years with three fixed. Mosho was placed in the custody of the Department of Correction to serve out his sentence.

1

Over two months later, on May 26, Mosho filed an Idaho Criminal Rule 35 motion seeking reduction of his sentence. In his motion Mosho did not claim that his sentence was illegal, but requested reconsideration and reduction of his sentence based upon the existing record. The district court held an evidentiary hearing on Mosho's motion allowing further testimony to be offered. After the hearing the district court granted Mosho's motion placing him back on probation and ordering that Mosho remain in the Bannock County Jail until his probation officer could find suitable housing for him in the community.

Approximately one month later, the probation officer filed a progress report with the district court. In this report the probation officer set forth several disciplinary problems Mosho had encountered during his prior incarceration. The probation officer requested that the district court reconsider its granting of Mosho's Rule 35 motion and once again reinstate Mosho's original sentence. The district court held a hearing on the probation officer's request at which the district court addressed the various concerns with Mosho, his counsel, and the state. At the conclusion of the hearing, the district revoked Mosho's probation, reinstated his sentence, and recommitted him to the custody of the Department of Correction. Mosho appealed.

On appeal, Mosho raises several arguments. First, Mosho claims that his due process rights were violated when the district court revoked his probation without proper notice. Second, he contends that the district court erred when it revoked his probation without finding that Mosho had violated any term of the reinstated probation. Finally, Mosho cites error in the district court's sua sponte hearing to reconsider its previous granting of Mosho's Rule 35 motion.

The state responds first, that the district court acted without jurisdiction in ruling on Mosho's Rule 35 motion, and therefore all of the district court's actions are without authority and void. In addition, the state argues that if the district court did have jurisdiction to act in Mosho's case no error has been shown.

Idaho Criminal Rule 35 provides, in part: "The court may also reduce a sentence upon revocation of probation or upon motion made within fourteen (14) days after the filing of the order revoking probation." The Idaho appellate courts have long held that the filing limitations found in Rule 35 are jurisdictional in nature and a limit on the authority of the district court to consider the motion. *State v. Sutton*, 113 Idaho 832, 833, 748 P.2d 416, 417 (Ct. App. 1987). Unless the defendant files his or her motion within the time specified in the rule the district court lacks jurisdiction to grant any relief. *State v. Fox*, 122 Idaho 550, 552, 835 P.2d 1361, 1363 (Ct.

App. 1992); *State v. Morris*, 119 Idaho 448, 450, 807 P.2d 1286, 1288 (Ct. App. 1991). When a district court lacks jurisdiction under Rule 35, its order granting relief is a nullity and the original order revoking probation remains undisturbed and in effect. *See State v. Parvin*, 137 Idaho 783, 785-86, 53 P.3d 834, 836-37 (Ct. App. 2002).

In this instance, the district court revoked Mosho's probation and reinstated his unified sentence of seven years with three years fixed on March 13. Mosho did not file his Rule 35 motion until May 26, well after the time allowed pursuant to the rule. Therefore Mosho's untimely Rule 35 motion failed to vest the district court with jurisdiction to grant the requested relief. Without the authority to act, the district court's placing Mosho back on probation following a hearing on the motion was improper and void. Mosho cannot now complain of the district court's subsequent reconsideration of that decision. The district court's original order revoking Mosho's probation and imposing his sentence filed March 13 remains in effect.

Accordingly, we affirm, albeit on different grounds, the district court's July 13, 2009, order which reversed its June 8, 2009, order granting reduction of Mosho's sentence.

Chief Judge LANSING and Judge MELANSON, CONCUR.

3