IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40200

| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 666 |
|---|---|---|
| Plaintiff-Respondent, | )<br>) | Filed: September 17, 2013 |
| v. | )<br>) | Stephen W. Kenyon, Clerk |
| JEREMY LEE HELMER, | )<br>) | THIS IS AN UNPUBLISHED |
| Defendant-Appellant. | )<br>) | OPINION AND SHALL NOT<br>BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Juneal C. Kerrick, District Judge.

Order denying I.C.R. 35 motion to correct an illegal sentence, affirmed.

Stephen D. Thompson, Ketchum, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jesica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Jeremy Lee Helmer pled guilty to felony domestic battery with traumatic injury. Idaho Code §§ 18-903(a), 18-918(2). The district court sentenced Helmer to a unified term of ten years with three years determinate. Helmer filed an Idaho Criminal Rule 35 motion for reduction of sentence, which the district court denied. Helmer filed a notice of appeal, which the Supreme Court dismissed as untimely. Approximately two years later, Helmer filed a Rule 35 motion for correction of an illegal sentence, which the district court denied. Helmer appeals asserting that the district court erred by denying his I.C.R. 35 motion for correction of an illegal sentence.

Pursuant to Rule 35, a district court may correct a sentence that was imposed in an illegal manner within 120 days after the filing of a judgment of conviction. The court may, however correct a sentence that is "illegal from the face of the record at any time." I.C.R. 35. Because

1

these filing limitations are jurisdictional, the district court lacks jurisdiction to grant any motion requesting relief that is filed after the time limit proscribed by the Rule. *State v. Sutton*, 113 Idaho 832, 833 748 P.2d 416, 417 (Ct. App. 1987). Helmer's Rule 35 motion was filed almost three years after sentencing and, therefore, the district court had jurisdiction to consider only whether Helmer's sentence was illegal. In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Supreme Court held that "the interpretation of 'illegal sentence' under Rule 35 is limited to sentences that are illegal from the face of the record, i.e., those sentences that do not involve significant questions of fact nor an evidentiary hearing to determine their illegality." Helmer acknowledges that his sentence is not illegal from the face of the record. He contends however, that the district court, at sentencing, did not adequately consider Helmer's mental health issues in accordance with Idaho Code § 19-2523, which makes his sentence contrary to law and, therefore illegal. Helmer's claim of defect in the sentencing proceeding does not fall within the scope of a motion to correct an illegal sentence under Rule 35. Therefore, the district court's order denying Helmer's Rule 35 motion is affirmed.