**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41142**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 346 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 4, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BRIAN JOSEPH STANDLEE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Molly J. Huskey, District Judge.

Order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

---

PER CURIAM

Brian Joseph Standlee pled guilty to felony injury to a child. I.C. § 18-1501(1). The district court sentenced Standlee to a unified term of seven years, with a minimum period of confinement of two years, and retained jurisdiction. Following successful completion of the retained jurisdiction, the district court suspended the sentence and placed Standlee on probation. Standlee twice violated the terms of the probation, and the district court revoked probation, ordered execution of Standlee's sentence, and again retained jurisdiction. Following Standlee's second period of retained jurisdiction, the district court entered an order relinquishing jurisdiction. Standlee filed an untimely I.C.R 35 motion, which the district court denied. Standlee appeals.

1

Idaho Criminal Rule 35 provides that a district court has discretion to consider and act upon a motion filed within 120 days of the order relinquishing jurisdiction. The filing limitations provided by Rule 35 are a jurisdictional limit on the authority of the court to consider the motion and, unless filed within the period, a district court lacks jurisdiction to grant any relief. *State v. Sutton*, 113 Idaho 832, 833, 748 P.2d 416, 417 (Ct. App. 1987). In this case, Standlee acknowledges that his Rule 35 motion for reduction of sentence was untimely. Because Standlee's Rule 35 motion was not filed within the 120-day limitation provided by the rule, the district court lacked jurisdiction to consider it. Accordingly, we do not address the merits of Richards's Rule 35 motion. Therefore, the district court's order denying Standlee's Rule 35 motion is affirmed.