# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42052

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 451 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 31, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RICHARD JOHN BRENNAN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

In 2001, Richard John Brennan was charged with operating a vehicle while under the influence of alcohol or drugs (DUI), in violation of Idaho Code §§ 18-8004, 18-8005(5),[1] and driving without privileges. He entered a guilty plea to the DUI charge and the driving without privileges charge was dismissed. The district court imposed a unified sentence of five years with two years fixed, but suspended the sentence in favor of probation.

_____

[1] The provision authorizing longer punishments for repeated drunk driving offenses has been moved from Idaho Code § 18-8005(5) to I.C. § 18-8005(6).

1

In 2003, the State initiated probation revocation proceedings on an allegation that Brennan had committed another DUI. Brennan admitted that violation. The court revoked probation but retained jurisdiction for one hundred eighty days. Just before the one-hundred-eighty-day period ran, the court scheduled a rider review hearing and ordered the Idaho State Board of Correction (ISBC) to transport Brennan to court. ISBC informed the court that it could not locate Brennan, and a bench warrant was issued.[2]

In 2014, Brennan was arrested on the outstanding warrant. At that time, the State filed a motion asking the district court to remand Brennan to the custody of ISBC because the district court's period of retained jurisdiction had lapsed. The district court agreed, holding that its jurisdiction had lapsed, and ordered the execution of the underlying prison sentence.

Brennan filed a motion pursuant to Idaho Criminal Rule 35(b), requesting a reduction of his sentence. The State objected, arguing that the district court lacked jurisdiction to reduce the sentence because the judgment of conviction had issued over ten years earlier. The court accepted the State's arguments and denied the motions, holding that it did not have the authority to grant any relief. Brennan appeals from the denial of his Rule 35(b) motion.

A motion seeking a reduction of sentence must be filed "within 120 days after the filing of a judgment of conviction or within 120 days after the court releases retained jurisdiction" or within "fourteen (14) days after the filing of the order revoking probation." I.C.R. 35(b). "The time limits memorialized in Rule 35 are jurisdictional, and without appropriate other measures by the court, once these time limits expire, so too does the district court's jurisdictional authority to entertain motions or grant relief on motion under the Rule." *State v. Parvin*, 137 Idaho 783, 785, 53 P.3d 834, 836 (Ct. App. 2002) (footnote omitted).

In *State v. Taylor*, 142 Idaho 30, 31, 121 P.3d 961, 962 (2005), the Idaho Supreme Court held that the trial court's jurisdiction to suspend a sentence and place a defendant on probation terminates at the end of a period of retained jurisdiction. If the sentence has not been suspended by that time, the previously pronounced sentence must be executed. *Id*. In *State v. Petersen*, 149 Idaho 808, 812, 241 P.3d 981, 985 (Ct. App. 2010), this Court likewise held that if the district court does not affirmatively grant probation during the period of retained jurisdiction, "the defendant remains committed to the Board."

---

[2] It appears that Brennan was released, inadvertently, after being sentenced to probation in an Owyhee County case.

2

Here, the district court properly concluded that it did not have the authority to consider Brennan's Rule 35(b) motion. Brennan's judgment of conviction was entered in 2002, so the motion plainly was not timely from that judgment. The March 17, 2014, order for execution of the underlying sentence, though incorrectly labeled a "Judgment of Conviction and Order of Commitment," did not amount to a new judgment of conviction; it merely recognized that the court lacked the authority to suspend Brennan's sentence. That order also was not an order relinquishing jurisdiction, for the district court at that point no longer possessed any jurisdiction to relinquish.

Brennan's motion was filed approximately ten years after the period of retained jurisdiction ended. Accordingly, it was not timely and the district court properly held that it lacked the authority to grant Brennan's motion. Therefore, the order denying Rule 35 relief is affirmed.