## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42222

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 477 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: April 28, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| KAYLEENA ADELAID EUBANKS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

District court's re-entered judgment of conviction, <u>vacated</u>; order granting I.C.R. 35 motion, <u>reversed</u>.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for appellant.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for respondent.

_____

GUTIERREZ, Judge

The State appeals from the district court's order granting Kayleena Adelaide Eubanks' Idaho Criminal Rule 35 motion. Specifically, the State contends the motion was untimely and therefore, the district court did not have jurisdiction to grant the motion. For the reasons set forth below, we vacate and reverse.

## I.

## FACTS AND PROCEDURE

Eubanks pled guilty to aggravated battery and was sentenced to a unified term of ten years, with three years determinate. The district court declined Eubanks' request to be immediately placed on probation. The district court entered a judgment of conviction on August 30, 2013. Eubanks filed a Rule 35 motion to reconsider the sentence on December 31, 2013 (143 days after the judgment of conviction was entered). Eubanks requested the district

1

court suspend her sentence and place her on probation. Over four months after the motion was filed, the district court held a hearing during which Eubanks acknowledged the Rule 35 motion was filed outside the 120-day window provided for in the rule. The district court ordered the judgment of conviction be re-entered as of the date of the hearing, deemed the Rule 35 motion to be timely filed, and granted the motion by retaining jurisdiction.[1] The State now appeals.

## II.

## ANALYSIS

The State contends the district court was without jurisdiction to grant Eubanks' Rule 35 motion because the motion was untimely filed and the court was without jurisdiction to order the re-entry of the judgment of conviction in an attempt to render the Rule 35 motion timely. Issues of subject matter jurisdiction present questions of law over which we exercise free review. *State v. Parvin*, 137 Idaho 783, 785, 53 P.3d 834, 836 (Ct. App. 2002).

Idaho Criminal Rule 35 vests the district court with jurisdiction to consider and act upon a motion to reduce a sentence that is "filed within 120 days of the entry of the judgment imposing sentence or order releasing retained jurisdiction." The time limit memorialized in Rule 35 is jurisdictional, and without appropriate other measures by the court, once these time limits expire, so too does the district court's jurisdictional authority to entertain motions or grant relief on the motion under the rule. *Parvin*, 137 Idaho at 785, 53 P.3d at 836. The 120-day filing requirement in Rule 35 is construed strictly, and even a filing that is two days late will deprive the court of its jurisdictional power to decide on the motion. *Parvin*, 137 Idaho at 785, 53 P.3d at 836; *see also State v. Parrish*, 110 Idaho 599, 600-01, 716 P.2d 1371, 1372-73 (Ct. App. 1986). There is no dispute in this instance that the Rule 35 motion in this case was filed outside the 120-day window and was thus untimely.

In an effort to render the motion timely, however, the district court ordered that the judgment of conviction be re-entered as of the day of the hearing. However, absent a statute or rule extending its jurisdiction, a district court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or

---

[1] The district court's reason for re-entering the judgment of conviction appears to be to avoid the time and expense of post-conviction proceedings based on counsel's failure to file a timely Rule 35 motion. The substantive reason for the district court's willingness to grant leniency as to the sentence itself appears to be Eubanks' new willingness to take increased responsibility for her role in the assault. In September 2014, Eubanks was placed on probation.

2

affirmance of the judgment on appeal. *State v. Johnson*, 152 Idaho 41, 47, 266 P.3d 1146, 1152 (2011); *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003). The judgment in this case became final on October 11, 2013, forty-two days after its entry, because no notice of appeal was filed. There has been no identification of a statute or rule that extended the district court's jurisdiction to re-enter the judgment of conviction. Thus, the district court erred by re-entering the judgment of conviction because it did not have jurisdiction to do so and erred by granting the untimely Rule 35 motion. The district court's re-entered judgment of conviction is vacated and its order granting Eubanks' Rule 35 motion is reversed.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.