IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 42945/42946

| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 686 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 30, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| SUSAN D. STONE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Orders denying Idaho Criminal Rule 35 motion, affirmed.

Sara B. Thomas, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Susan D. Stone appeals from the orders denying her Idaho Criminal Rule 35 motions in Docket Nos. 42945 and 42946. In Docket No. 42945, Stone pleaded guilty to possession of a controlled substance, methamphetamine, Idaho Code § 37-2732(c)(1). The district court sentenced Stone to a unified seven-year sentence, with four years determinate, and retained jurisdiction. After a period of retained jurisdiction, the district court suspended the sentence and placed Stone on probation. Subsequently, in Docket No. 42946, Stone committed a new criminal charge of possession of a controlled substance, methamphetamine, Idaho Code § 37-2732(c)(1), and violated the terms of her probation in Docket No. 42945. In Docket No. 42945, the district court revoked probation, ordered execution of the original sentence, and again retained

jurisdiction. In Docket No. 42946, Stone pleaded guilty to possession of a controlled substance, methamphetamine. The district court imposed a unified seven-year sentence, with three year and one-half years determinate, to run concurrently with her sentence in Docket No. 42495, and retained jurisdiction. The district court issued orders relinquishing jurisdiction in both cases.

Stone filed an I.C.R. 35 motion in each case seeking a reduction in both the determinate and indeterminate portions of her sentences along with a motion to consider her I.C.R. 35 motion timely filed. Without an objection from the State, the district court ruled on the motions and denied Stone's I.C.R. 35 motions. Stone appeals from these decisions.

Idaho Criminal Rule 35 vests the district court with jurisdiction to consider and act upon a motion to reduce a sentence that is "filed within 120 days of the entry of the judgment imposing sentence or order releasing retained jurisdiction." The time limit memorialized in I.C.R. 35 is jurisdictional, and without appropriate other measures by the court, once these time limits expire, so too does the district court's jurisdictional authority to entertain motions or grant relief on the motion under the rule. *State v. Parvin*, 137 Idaho 783, 785, 53 P.3d 834, 836 (Ct. App. 2015). The 120-day filing requirement in an I.C.R. 35 motion is construed strictly, and even a filing that is two days late will deprive the court of its jurisdictional power to decide on the motion. *Parvin*, 137 Idaho at 785, 53 P.3d at 836 ; *see also State v. Parrish*, 110 Idaho 599, 600-01, 716 P.2d 1371, 1372-73 (Ct. App. 1986). There is no dispute in this instance that the I.C.R. 35 motion in this case was filed outside the 120-day window and was thus untimely. Therefore, the district court had no jurisdiction to grant the motion. Moreover, a motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, even if the I.C.R. 35 motion had been timely filed, we conclude no abuse of discretion has been shown. Therefore, the district court's order denying Stone's I.C.R. 35 motions are affirmed.