**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43898**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 642** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: August 17, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ANDRES AVILA,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George A. Southworth, District Judge.

Order denying Idaho Criminal Rule 35 motion for reduction of sentence, <u>reversed</u> and <u>case remanded</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

Andres Avila pled guilty to one count of felony possession of methamphetamine, Idaho Code § 37-2732(c)(1). The district court imposed a unified sentence of seven years, with a minimum period of confinement of three years, suspended the sentence, and placed Avila on probation for four years. Avila subsequently violated his probation and the district court revoked probation, ordered execution of the underlying sentence, and retained jurisdiction. The district court entered an order relinquishing jurisdiction, and Avila filed an Idaho Criminal Rule 35 motion for reduction of sentence. The district court denied the motion, concluding that it lacked jurisdiction to consider it because the motion was not filed within fourteen days of the order

1

relinquishing jurisdiction. The State concedes that the district court erred on the jurisdictional question but argues that because Avila entered into a binding Rule 11 plea agreement, he waived his right to appeal his sentence. Avila contends that the district court erred in denying his Rule 35 motion on jurisdictional grounds and additionally argues that the district court did not accept the written plea agreement and it is therefore unenforceable.

Idaho Criminal Rule 35 provides that a district court has discretion to consider and act upon a motion filed within 120 days of the order relinquishing jurisdiction. The filing limitations provided by Rule 35 are a jurisdictional limit on the authority of the court to consider the motion and, unless filed within the period, a district court lacks jurisdiction to grant any relief. *State v. Sutton*, 113 Idaho 832, 833, 748 P.2d 416, 417 (Ct. App. 1987).

In this case, the district court erred in its interpretation of Rule 35. The order relinquishing jurisdiction is governed by the 120-day time limit rather than the 14-day time limit governing an order revoking probation. Because Avila's Rule 35 motion was filed within the 120-day limitation provided by the rule, the district court had jurisdiction to consider it. As we are remanding the case on the jurisdictional issue, the district court must also address the issue of waiver on remand.

Accordingly, the district court's order denying Avila's Rule 35 motion is reversed, and this case is remanded for further proceedings.