459 P.2d 1017

**Larry DIONNE, Plaintiff-Appellant,**

v.

**The STATE of Idaho, Defendant-Respondent.**

**No. 10431.**

Supreme Court of Idaho.

Oct. 17, 1969.

236

Earl E. Walker, Twin Falls, for appellant.

Robert M. Robson, Atty. Gen. and Mack A. Redford, Deputy Atty. Gen., Boise, for respondent.

DONALDSON, Justice.

The appellant, Larry Dionne, was convicted of robbery on a plea of guilty and is presently serving a sentence in the Idaho State Penitentiary. On January 29, 1969, Dionne filed a petition pursuant to the Uniform Post Conviction Procedure Act, Title 19, Chapter 49, Idaho Code, attacking the lawfulness of his imprisonment. In his petition, Dionne claims that during the proceedings which were initiated against him his rights were violated since

he was ignorant of his right to counsel and not qualified to appear without counsel because he has only completed the eighth grade. Petitioner was not represented by counsel at his preliminary hearing, at his arraignment and plea, nor at the time of sentence.

The petition was opposed by the State on the ground that appellant was clearly and competently advised of his right to counsel at his arraignment in the district court; that appellant at that time knowingly and intelligently waived his right to legal counsel.

Subsequently Dionne moved that he be permitted to withdraw his application for Post Conviction relief. Dionne then filed a petition for a Writ of Habeas Corpus alleging essentially the same facts as found in his application under the Uniform Post Conviction Procedure Act.

On March 27, 1969, the district court ordered that Dionne be allowed to withdraw his application for Post Conviction relief and that his petition for a Writ of Habeas Corpus be denied since the exclusive remedy for challenging the validity of conviction and sentence is the Uniform Post Conviction Procedure Act, Title 19, Chapter 49, Idaho Code.

Numerous court orders were made from time to time appointing (and relieving) various counsel to represent the appellant. However counsel prepared neither the petition for Post Conviction relief nor the Writ of Habeas Corpus.

■ The Uniform Post Conviction Procedure Act was passed by the 39th Session of the Idaho Legislature and became law in 1967. The purpose of the Act is set forth in Section I. It does not specifically repeal the use of the Writ of Habeas Corpus but states that it takes the place of all common law, statutory or other remedies previously available. It therefore is broader in scope than a Writ of Habeas Corpus.

■ This court has previously stated that the Writ of Habeas Corpus is a constitutional remedy and statutes enacted to add to the efficacy of the writ should be construed so as to promote the effectiveness of the proceeding. Mahaffey v. State, 87 Idaho 228, 392 P.2d 279 (1964). This court, therefore, construes the Uniform Post Conviction Procedure Act as an expansion of the Writ of Habeas Corpus and not as a denial of the same. Cases in other jurisdictions considering this question have reached similar results. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952); Brooks v. Gladden, 226 Or. 191, 358 P.2d 1055, cert. den., 366 U.S. 974, 81 S.Ct. 1942, 6 L.Ed.2d 1263 (1961); Strong v. Gladden, 225 Or. 345, 358 P.2d 520 (1961). It is immaterial whether a petition or application is labeled Habeas Corpus or Post Conviction proceeding. Substance not form governs. A Post Conviction Application is designed to give an applicant every opportunity to state any legitimate grounds as set forth in I.C. § 19–4901 for challenging the lawfulness of the proceedings which led to the judgment pronounced by the trial court, to challenge his sentence on the grounds that it has expired or that his probation, parole or conditional release was unlawfully revoked or that he is unlawfully held in custody or other restraint. Its proper use avoids repetitious and successive applications; eliminates confusion and yet protects the applicant's constitutional rights. It cannot, however, be used as a method of appealing from a judgment of conviction but neither can Habeas Corpus. King v. State, 91 Idaho 97, 416 P.2d 44 (1966); Wilson v. State, 90 Idaho 498, 414 P.2d 465 (1966); Mahaffey v. State, *supra*; Stokes v. State, 90 Idaho 339, 411 P.2d 392 (1966).

■ In this case the appellant petitioned for a Writ of Habeas Corpus on the grounds that he was not clearly and competently advised of his right to counsel at his arraignment in the district court. In effect he is claiming a substantial denial of rights protected by both the federal and state constitutions. This ground is covered

in I.C. § 19-4901(1). The petitioner to qualify for Post Conviction relief on this ground has the burden of showing by a preponderance of the evidence that he has been denied due process of law. Tramel v. State, 92 Idaho 643, 448 P.2d 649 (1968); Hawk v. Olson, 326 U.S. 271, 66 S.Ct. 116, 90 L.Ed. 61 (1945); Smallman v. Gladden, 206 Or. 262, 269, 291 P.2d 749 (1956); People v. Alden, 15 Ill.2d 498, 502, 155 N.E.2d 617 (1959). In this case the appellant knowingly refused to seek relief under the Uniform Post Conviction Procedure Act and stated that he did not desire that his petition for Writ of Habeas Corpus be treated as an application for Post Conviction relief. In view of the appellant's action the district court had no other recourse than to deny appellant's petition for Writ of Habeas Corpus.

Judgment affirmed.

McFADDEN, C. J., and McQUADE, SHEPARD and SPEAR, JJ., concur.