504 P.2d 402

Patrick J. KINNER, Plaintiff-Appellant,

v.

The STATE of Idaho, Defendant-Respondent.

No. 10777.

Supreme Court of Idaho.

Dec. 15, 1972.

Gardner W. Skinner, Jr., Boise, for plaintiff-appellant.

W. Anthony Park, Atty. Gen., J. D. Williams, Deputy Atty. Gen., Statehouse, Boise, for defendant-appellee.

BAKES, Justice. .

█ Plaintiff-appellant Patrick J. Kinner filed a petition for writ of habeas corpus on December 18, 1969, alleging that he is imprisoned and restrained of his liberty in the Idaho State Penitentiary, and that this imprisonment is unlawful and in violation of the United States Constitution. The petitioner further alleged that he was illegally returned from the State of Nevada to the State of Idaho. Nowhere in the petition for writ of habeas corpus did he allege upon what basis the State of Idaho is allegedly holding him, nor upon what basis he was returned from the State of Nevada. Nothing in the petition refers to any judgment of conviction or other legal process by which petitioner is allegedly being held. The petition alleges a prima facie claim for relief in habeas corpus. Johnson v. State, 85 Idaho 123, 376 P.2d 704 (1962).

On the same day that the petition for habeas corpus was filed, it was denied by order of the district court in which the trial judge indicated that the petition should have been filed under the Uniform Post Conviction Procedure Act, Title 19, Chapter 49, Idaho Code, in the county from which the petitioner was convicted and sentenced. The court denied the writ of habeas corpus without prejudice to the petitioner's right to file a post conviction review proceeding in the proper court. Petitioner has appealed to this Court from the denial of his writ of habeas corpus, and in his brief alleges that the trial court erred in failing to consider the substance of his complaint.

█ Upon the record before this Court it cannot be determined whether or not petitioner's alleged claim for relief should be brought under the Uniform Post Conviction Procedure Act, or by way of writ of habeas corpus. As previously pointed out, the record, which is composed of the petition for writ of habeas corpus, the trial court's order denying the writ, and an affidavit *in forma pauperis,* makes no reference to any judgment of conviction or other legal process issued by a court upon which petitioner is being held. It merely alleges that the petitioner is imprisoned and restrained of his liberty unlawfully, and that he was illegally brought to the State of Idaho from the State of Nevada. Without some showing in the record that petitioner is being held pursuant to a judgment of conviction or other process issued from a court, thus establishing jurisdiction under the Uniform Post Conviction Procedure Act, the petition for writ of habeas corpus should not have been denied. *Cf.* Dionne v. State, 93 Idaho 235, 459 P.2d 1017 (1969).

Therefore, this cause is reversed and remanded to the district court with instructions to issue the writ of habeas corpus. Upon return being made by the State of Idaho, the trial court can then determine the basis upon which petitioner is being held, and whether or not his relief is pursuant to the Uniform Post Conviction Procedure Act in some other county, or pursuant to habeas corpus under Idaho Code Title 19, Chapter 42.

Reversed and remanded.

McQUADE, C. J., and McFADDEN, DONALDSON and SHEPARD, JJ., concur.