**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38665**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Opinion No. 29 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 15, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MARK EDWARD ALLEN, III, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Carl B. Kerrick, District Judge.

Order denying motion to withdraw guilty plea, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Erik R. Lehtinen, Chief, Appellate Unit, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Mark Edward Allen, III, appeals from the denial of a motion filed in his criminal case five months after the judgment of conviction was entered. Allen asserts that the district court erred by not treating the motion as a petition for post-conviction relief.

**I.**

**BACKGROUND**

Allen pleaded guilty to felony driving under the influence of alcohol, Idaho Code §§ 18-8001(1)(a) and 18-8005(7), and was sentenced to a unified term of imprisonment of five years, with three years determinate. The district court entered the judgment of conviction on April 9, 2010, from which Allen did not appeal. On September 15, Allen filed a "Motion for Withdrawal Guilty Plea," supported by an affidavit in which he averred that: he is innocent, he was unable to comprehend the prior proceedings as a result of heavy medication, his trial attorney was ineffective, his plea was coerced, a competency hearing was not held, the presentence

1

investigation report was inaccurate, and the judge was biased. Allen also filed a motion for appointment of counsel to represent him in the plea-withdrawal proceedings. On October 1, 2010, the district court appointed a public defender to represent Allen "in all proceedings in the [criminal] case."

At a status conference on October 8, 2010, defense counsel indicated that he would be supplementing Allen's pleadings. At subsequent status conferences on December 2 and December 22, 2010, and on January 6, January 20, and February 3, 2011, defense counsel requested continuances or indicated that he was not ready to proceed. On February 24, 2011, Allen's attorney filed in the criminal case an "Amended Motion for Withdrawal of Plea of Guilty and Motion for Post-Conviction Relief." The motion said that it was made on the following grounds:

> 1. With respect to the motion to withdraw the plea, the motion is based on Rule 33(c), I.C.R., and is made on the grounds that, under the circumstances present, the plea was not intelligently made and to allow the plea to stand would constitute a manifest injustice;
> 2. With respect to the motion for post-conviction relief, the motion is based on Idaho Code § 19-4901 and is made on the grounds that the defendant believes: (a) he was not adequately represented by his prior counsel; (b) there exist material facts never presented which require vacation of the conviction and sentence; [and] (c) that the conviction and sentence are subject to collateral attack.

At the March 3, 2011, hearing on the motion, defense counsel stated:

> I think I did file a motion to more accurately characterize Mr. Allen's documents filed with the court as a--alternatively, a motion for withdrawal of the plea or a motion for post-conviction relief, because some of his--some of his allegations seem to be really more in the nature of post-conviction, but I wanted to cover all the bases.

The district court denied the motion, and Allen now appeals.

## II.

## ANALYSIS

Although the State did not object to Allen's motion as untimely in the district court proceedings, and the district court did not address the timeliness, on appeal Allen acknowledges that, if treated as a motion brought under Idaho Criminal Rule 33(c), the motion was untimely and the district court lacked jurisdiction to grant the requested relief. *See State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003) (holding that jurisdiction to entertain a motion to

2

withdraw a guilty plea pursuant to I.C.R. 33(c) expires when the judgment of conviction becomes final, i.e., when an appeal is concluded or, in the absence of an appeal, when the time for appeal has expired). Allen argues, however, that the district court erred by not treating his amended motion as a petition for post-conviction relief authorized by the Uniform Post-Conviction Procedure Act (UPCPA), I.C. §§ 19-4901, *et seq.* Allen contends that a mislabeled petition for post-conviction relief may be treated according to its substance. He relies upon the statement in *Dionne v. State*, 93 Idaho 235, 237, 459 P.2d 1017, 1019 (1969), that: "It is immaterial whether a petition or application is labeled Habeas Corpus or Post Conviction proceeding. Substance not form governs." *See also Schwartz v. State*, 145 Idaho 186, 190, 177 P.3d 400, 404 (Ct. App. 2008) ("[C]ourts have long held that, with respect to post-judgment pleadings filed by convicted defendants, substance governs over form, and a mislabeled pleading will be treated according to its substance.").

However, the Idaho Supreme Court rejected a similar argument in *Jakoski*. There, the Court first decided that the district court lacked jurisdiction to hear the defendant's motion to withdraw his guilty plea as part of the criminal case because the motion was not timely filed. The Court then rejected an argument that the motion should be considered an application for post-conviction relief, stating:

> In *Dionne v. State*, 93 Idaho 235, 459 P.2d 1017 (1969), this Court held that an application for a writ of habeas corpus could be considered as an application for post-conviction relief. "It is immaterial whether a petition or application is labeled Habeas Corpus or Post Conviction proceeding. Substance not form governs." 93 Idaho at 237, 459 P.2d at 1019. Both habeas corpus and post-conviction relief, however, are civil in nature and are separate from criminal proceedings. *State v. Creech*, 132 Idaho 1, 9-10 [n.1], 966 P.2d 1, 9-10 n.1 (1998). It would be too much of a stretch to hold that a motion filed in a criminal case can be considered as a pleading commencing civil litigation.

*Jakoski*, 139 Idaho at 355, 79 P.3d at 714.[1] Thus, the Supreme Court recognized the "form over substance" rule in *Jakoski*, but held that it did not justify treating Jakoski's motion to withdraw his guilty plea as a post-conviction petition. *Jakoski*, 139 Idaho at 355, 79 P.3d at 714. In doing so, the Court observed that both habeas corpus proceedings and post-conviction actions are civil

---

[1]     *Jakoski* effectively overruled any implication in *Gomez v. State*, 120 Idaho 632, 633-34, 818 P.2d 336, 337-38 (Ct. App. 1991), that a trial court must treat an untimely motion to withdraw a guilty plea as an application for post-conviction relief.

in nature and concluded that "it would be too much of a stretch" to construe a motion filed in a criminal case as a post-conviction pleading. *Id.*

The immateriality of the distinction between a post-conviction label and a habeas corpus label is recognized partly because "the Uniform Post Conviction Procedure Act [i]s an expansion of the Writ of Habeas Corpus." *Dionne*, 93 Idaho at 237, 459 P.2d at 1019. *See also Porter v. State*, 140 Idaho 780, 783, 102 P.3d 1099, 1102 (2004); *Aeschliman v. State*, 132 Idaho 397, 401, 973 P.2d 749, 753 (Ct. App. 1999). "The UPCPA comprehends and replaces all other common law, statutory or other remedies, including the writ of habeas corpus, that were previously available to collaterally challenge the validity of a conviction or sentence." *Eubank v. State*, 130 Idaho 861, 863, 949 P.2d 1068, 1070 (Ct. App. 1997). Thus, "as the Uniform Post-Conviction Procedure Act is construed as an expansion of the writ of habeas corpus, and substance governs over form, a properly raised issue [in a writ of habeas corpus] may be considered without requiring a separate petition [for post-conviction relief] to be filed." *Warren v. Craven*, 152 Idaho 327, 330, 271 P.3d 725, 728 (Ct. App. 2012). In contrast, a post-conviction action is entirely distinct from, and serves a different purpose than, the criminal case. *Stuart v. State*, 149 Idaho 35, 43, 232 P.3d 813, 821 (2010); *Peltier v. State*, 119 Idaho 454, 456, 808 P.2d 373, 375 (1991); *Paradis v. State*, 110 Idaho 534, 536, 716 P.2d 1306, 1308 (1986); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Brown v. State*, 137 Idaho 529, 532, 50 P.3d 1024, 1027 (Ct. App. 2002); *Lake v. State*, 126 Idaho 333, 335, 882 P.2d 988, 990 (Ct. App. 1994). Consequently, it *is* material whether a defendant requests relief through a motion filed in a criminal case, or through a pleading commencing a new civil action.

Allen maintains, however, that his case is distinguishable from *Jakoski* because Allen's amended motion was labeled "Amended Motion for Withdrawal of Plea of Guilty *and Motion for Post-Conviction Relief*," and expressly requested relief under Idaho Code § 19-4901 as well as I.C.R. 33(c). Further, during a hearing on the motion, Allen's attorney reiterated that the motion was "alternatively a motion for withdrawal of plea or a motion for post-conviction relief."

Despite these factual distinctions, however, *Jakoski* is on point in its holding that post-conviction proceedings cannot be commenced by a motion filed in a criminal case. That Allen's amended motion cited the UPCPA as an alternate basis for relief does not appear to take it outside of the *Jakoski* rule. Because post-conviction proceedings are separate from, not

4

components of or mere appendages to, the underlying criminal proceedings, it follows that a post-conviction action must be initiated by filing a separate document (which should be assigned a separate case number) and not, as occurred here, by an argument appended to a motion filed in the criminal case.[2]

Allen filed a motion and an amended motion as part of the criminal case, not a petition for post-conviction relief. Therefore, the district court did not err by treating Allen's motion only as a motion in the criminal proceeding, and not as a pleading initiating a separate post-conviction civil action. Because, as Allen concedes, the motion was time-barred in the criminal case, it was properly denied. Accordingly, the district court's order is affirmed.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR.**

---

[2] The document filed with the district court was not, as Allen appears to assert, a petition for post-conviction relief in every respect other than its caption. It did not comply with statutory requirements for applications for post-conviction relief in that the motion was not verified by Allen as required by Idaho Code § 19-4902, and did not identify all previous proceedings, together with the grounds therein asserted, previously taken by Allen to secure relief from his conviction or sentence as required by Idaho Code § 19-4903. Although the amended motion cited Idaho Code § 19-4901, it did so only as an alternative basis for relief after first asserting the Rule 33(c) arguments. Thus, this is not a situation where the *only* defect in a petition for post-conviction relief was that it was mistakenly filed using the case number of the underlying criminal case. Here, no document was presented to the court clerk that the clerk could or should have recognized as a pleading initiating a new civil action. It is also noteworthy that the amended motion was prepared by counsel, not by a pro se litigant.