IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 40824

MICHAEL PARVIN,

        Petitioner-Appellant,

v.

STATE OF IDAHO,

        Respondent.

)
)
)
)
)
)
)
)
)
)
)

2014 Opinion No. 88

Filed: October 22, 2014

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. Bradly S. Ford, District Judge.

Judgment dismissing action for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Michael Parvin was convicted of lewd conduct with a child under the age of sixteen years in 1999.  Since June 2000, Parvin has continuously sought a reduction of his sentence.  Although his sentence was initially substantially reduced, that reduction was set aside, and Parvin's requests for relief since then have been frustrated by procedural complications.  In this appeal, Parvin argues that the district court erred by denying his request for relief in his second post-conviction action.

## I.

## BACKGROUND

This Court set forth the procedural background of this case in one of Parvin's prior appeals, *Parvin v. State*, Docket No. 38295 (Ct. App. Apr. 30, 2012) (unpublished):

Parvin pled guilty in 1999 to one count of lewd conduct with a child under the age of sixteen years.  Following his guilty plea, Parvin received a unified

sentence of life, with ten years determinate. Parvin then filed a timely motion under [Idaho Criminal] Rule 35, which the district court granted. Parvin's sentence was reduced to a twenty-year term, with five years determinate. The State filed a motion for reconsideration arguing that the victims' rights were violated and that the court improperly applied the law in granting the Rule 35 motion. The district court vacated the order reducing Parvin's sentence on the basis that because the victims were not notified of the Rule 35 motion, the victims' constitutional and statutory rights had been violated.

Parvin appealed the district court's decision to set aside its order reducing the sentence. Parvin argued that the district court's decision was erroneous because the court lacked the authority to vacate the original order and had no jurisdiction to consider a motion for reconsideration, and that reinstating the original sentence violated his due process rights under the Fifth and Fourteenth Amendments.[1] The State countered that the district court lost its jurisdiction to decide the Rule 35 motion because it failed to act in a reasonable amount of time. This Court held that the record did not contain a sufficient reason as to why the district court took more than three months to decide the Rule 35 motion, and as such, "the jurisdiction of the district court had expired" prior to the issuance of the order reducing Parvin's sentence. *State v. Parvin*, 137 Idaho 783, 786, 53 P.3d 834, 837 (Ct. App. 2002).

In 2003, Parvin filed a pro se application for post-conviction relief alleging, in pertinent part, ineffective assistance of counsel for failing to ensure that his Rule 35 motion was ruled upon in a reasonable period of time. Parvin requested assistance of counsel, which the district court granted and appointed the Canyon County Public Defender. A conflict was discovered and the case was transferred to a conflict public defender. After the subsequent appointment, the State filed a motion for summary dismissal. A notice of substitution of counsel was filed as another attorney took over the case. No other action was taken until a notice of intent to dismiss was filed pursuant to Idaho Rule of Civil Procedure 40(c). The district court filed an order of dismissal thereafter.

Parvin later testified that he never received notice from either the district court or his appointed counsel of the proposed dismissal. Upon learning of the dismissal, Parvin filed a notice of appeal, which was then dismissed because it was untimely.

After the appeal was dismissed in Parvin's first post-conviction action, he filed this successive action for post-conviction relief, realleging the grounds in the original application and asserting that he was entitled to file a successive petition renewing the claim because the dismissal of his first post-conviction action was the result of neglect by his appointed post-

---

[1] In *State v. Parvin*, 137 Idaho 783, 786, 53 P.3d 834, 837 (Ct. App. 2002), we did not review the propriety of the district court's holding that a violation of a victim's rights, pursuant to Idaho Code § 19-5306 or Art. I, § 22 of the Idaho Constitution, required the district court to vacate its ruling on the Rule 35 motion. Nor does this appeal offer us to the opportunity to do so.

conviction attorney. The district court held that Parvin had demonstrated a justification for filing a successive petition, but ultimately denied relief after an evidentiary hearing. With respect to Parvin's claim that ineffective assistance of his defense counsel resulted in the district court's loss of jurisdiction over his Rule 35 motion for reduction of the sentence, the district court held that the claim was or should have been addressed on the direct appeal filed in the underlying criminal case.

Parvin appealed that judgment and, in an unpublished decision, this Court vacated the judgment. We stated: "[t]here is no question that Parvin has raised a plausible claim of ineffective assistance of counsel" in his successive petition. *Parvin*, Docket No. 38295. After concluding that it was error for the district court to dismiss the claim on the basis that it should have been raised on direct appeal, we remanded the case to the district court.

On remand, the district court again denied relief, holding that Parvin's evidence did not show deficient performance by his defense attorney who did not prompt the sentencing court to take action on Parvin's Rule 35 motion. Parvin again appeals, asserting that the district court erred when it denied relief in this successive post-conviction action.

## II.

## ANALYSIS

An action for post-conviction relief is a civil proceeding governed by the Idaho Rules of Civil Procedure. Idaho Code § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). To prevail in a post-conviction action, the petitioner must prove by a preponderance of the evidence the allegations upon which the request for relief is based. *Hoffman v. State*, 153 Idaho 898, 902, 277 P.3d 1050, 1054 (2012); *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Klein v. State*, 156 Idaho 792, 796, 331 P.3d 534, 538 (Ct. App. 2014). On appeal from a decision denying post-conviction relief after an evidentiary hearing, we ordinarily review the record to determine whether the lower court's factual findings are supported by substantial evidence, *Johnson v. State*, 156 Idaho 7, 10, 319 P.3d 491, 494 (2014); *Campbell v. State*, 130 Idaho 546, 548, 944 P.2d 143, 145 (Ct. App. 1997), and exercise free review of the district court's application of relevant law to the facts found. *Johnson*, 156 Idaho at 10, 319 P.3d at 494; *Estrada v. State*, 143 Idaho 558, 561, 144 P.3d 833, 836 (2006). In the present case, however, we do not reach those issues because a recent decision of the Idaho Supreme Court has

3

significantly altered Idaho law regarding the circumstances in which a successive post-conviction action may be pursued.

Under prior decisions, the Idaho Supreme Court had held that an allegation of ineffective assistance of prior post-conviction counsel that resulted in the denial of a post-conviction claim could provide "sufficient reason" to allow the same claim to be asserted in a successive post-conviction petition under I.C. § 19-4908.[2] *Palmer v. Dermitt*, 102 Idaho 591, 595, 635 P.2d 955, 959 (1981). During the pendency of the present appeal, however, the Idaho Supreme Court overruled that authority and held that "ineffective assistance of post-conviction counsel is not a sufficient reason under I.C. § 19-4908 for allowing a successive petition." *Murphy v. State*, 156 Idaho 389, 391, 327 P.3d 365, 367 (2014). The Court reasoned that because post-conviction claimants do not have a right to counsel under Idaho law, there can be no deprivation of effective assistance of counsel in a post-conviction action which would justify the filing of a successive post-conviction action. *Id.* at 395, 327 P.3d at 371.

Because the present case is a successive post-conviction action that Parvin justified solely on the ground that his attorney in the initial post-conviction action negligently allowed his claim to be dismissed, we requested that both parties file supplemental briefing regarding the impact of the *Murphy* decision on this case. In Parvin's supplemental brief, he argues that notwithstanding the holding in *Murphy*, this Court may reach his substantive claim because relief from the dismissal of his original post-conviction action is available under I.R.C.P. 60(b)(6). Parvin points out that in *Eby v. State*, 148 Idaho 731, 734, 228 P.3d 998, 1001 (2010), the Idaho Supreme Court recognized that Rule 60(b) may provide an avenue for relief for a post-conviction petitioner whose action was dismissed under I.R.C.P. 40(c) due to his attorney's failure to pursue the case. Rule 60(b) authorizes the district court to "relieve a party . . . from a final judgment . . .

---

[2]    Idaho Code § 19-4908 provides:

> All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

4

[for] any other reason justifying relief from the operation of the judgment." In *Eby*, the Court said:

> Given the unique status of a post-conviction proceeding, and given the complete absence of meaningful representation in the only available proceeding for Eby to advance constitutional challenges to his conviction and sentence, we conclude that this case may present the "unique and compelling circumstances" in which I.R.C.P. 60(b)(6) relief may well be warranted.

*Eby*, 148 Idaho at 737, 228 P.3d at 1004. Parvin argues that he has shown that his post-conviction attorney's neglect in the initial post-conviction action, which resulted in that action being dismissed, meets the *Eby* standard of "unique and compelling circumstances," and therefore he is entitled to reinstatement of his original post-conviction claims pursuant to *Eby*.

We agree that relief as outlined in *Eby* remains available after *Murphy*. The two decisions are not inconsistent. *Murphy* limits the circumstances under which a petitioner may file a successive post-conviction action; it says nothing about the availability of I.R.C.P. 60(b) relief in the original post-conviction action. *Murphy's* reasoning that because there is no constitutional or statutory right to counsel in post-conviction proceedings, there can be no deprivation of effective assistance of counsel in a post-conviction action, *Murphy*, 156 Idaho at 395, 327 P.3d at 371, is consistent with the following comments in *Eby*:

> [T]here is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.
>      We recognize and reiterate today that there is no right to effective assistance of counsel in post-conviction cases.

*Eby*, 148 Idaho at 737, 228 P.3d at 1004 (internal references and quotation marks omitted). In short, the fundamental premise of the *Murphy* decision was acknowledged and accepted in *Eby*. Thus, *Murphy* does not overrule or impair the avenue of relief pursuant to I.R.C.P. 60(b) that was recognized in *Eby*.[3]

That is not to say, however, that Parvin may obtain in *this* case or on *this* appeal Rule 60(b) relief from the judgment dismissing his first post-conviction action. Parvin argues that we may convert this successive action into a motion made pursuant to I.R.C.P. 60(b) in order to reach the merits of his claim. We disagree.

---

[3]      We also note that *Murphy v. State*, 156 Idaho 389, 393, 327 P.3d 365, 369 (2014) cites *Eby* as authority, although regarding a different issue.

The Rule 60(b) motion that Parvin wishes to be considered must be filed in his first post-conviction case. We are not at liberty to convert an action or motion made in one case into a motion in a different case. In *State v. Allen*, 153 Idaho 367, 370, 283 P.3d 114, 117 (Ct. App. 2012), for example, we held that post-conviction proceedings may not be initiated by filing a motion in the underlying criminal case because of the difference between those two proceedings. *Id*. at 370, 283 P.3d at 117. Although a successive petition initiating an entirely new case and an I.R.C.P. 60(b) motion might share certain justifications and operative facts, as our discussion above shows, the required factual showings and legal standards differ. If we were to review Parvin's successive post-conviction petition as if it were a Rule 60(b) motion, we would be required to review a proceeding factually and legally distinct from the case the district court considered. If we were to decide the issue in the manner Parvin requests, we would be usurping the proper role of the district court. This Court may neither engage in the fact-finding exercise required to adjudicate an I.R.C.P. 60(b) motion nor ignore the standards applicable to the legal and factual findings made by the district court. Thus, while *Murphy* does not preclude a Rule 60(b) motion predicated upon the neglect of counsel, such a motion must be properly filed in the correct action.[4] We must review the case before us and not the constructive case that Parvin suggests.

*Murphy* makes clear that a deficiency of post-conviction counsel is not a "sufficient reason" to allow a successive post-conviction action to proceed. It follows that this action was properly dismissed, albeit for reasons other than those stated by the district court. Therefore, the judgment of the district court dismissing Parvin's successive post-conviction action is affirmed.

Chief Judge GUTIERREZ and Judge GRATTON **CONCUR.**

---

[4] A motion pursuant to I.R.C.P. 60(b)(6) must be filed within a "reasonable time." I.R.C.P. 60(b). We offer no opinion as to whether that standard would be met by a motion filed after the issuance of our opinion in this case. Nor are we in a position to determine whether the holding in *Murphy* would affect the timeliness of such a motion. We further intimate no opinion as to the merits of a Rule 60(b) motion.