**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45074**

| | | |
|---|---|---|
| LUIS ENRIQUE GONZALEZ, | ) | |
| | ) | Filed:  June 22, 2018 |
| Petitioner-Appellant, | ) | |
| | ) | Karel A. Lehrman, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| STATE OF IDAHO, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. Randy J. Stoker, District Judge.

Judgment summarily dismissing petition for post-conviction relief, vacated; order denying motion for appointment of counsel, reversed; and case remanded.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

GUTIERREZ, Judge

Luis Enrique Gonzalez appeals from the district court's judgment summarily dismissing his petition for post-conviction relief.  Gonzalez argues the district court erred in denying his motion for appointment of counsel and in ruling his petition for post-conviction relief was untimely.  For the reasons provided below, we vacate the judgment summarily dismissing Gonzalez's petition for post-conviction relief, reverse the order denying motion for appointment of counsel, and remand.

**I**

**FACTUAL AND PROCEDURAL BACKGROUND**

Luis Enrique Gonzalez was found guilty of two counts of burglary and one count of grand theft.  He was also found guilty of being a persistent violator.  On appeal, his convictions

1

and sentences were affirmed and in August 2015 a remittitur was issued. Eleven months later, Gonzalez filed a pro se petition for post-conviction relief as well as a motion to appoint counsel, writing his criminal case number in the caption of each document. The district court did not take any action on these filings.

Six months later, Gonzalez wrote a letter to the district court regarding the status of his petition for post-conviction relief and motion for appointment of counsel. The clerk responded that Gonzalez had improperly filed his petition. A month later, Gonzalez filed another pro se petition for post-conviction relief, alleging that his trial counsel was ineffective because he failed to call an alibi witness to testify. The petition also alleged there were three biased jurors on the jury, and defense counsel was ineffective for "not "objecting to bias [sic] jurors on the panel." With his petition, Gonzalez filed a motion for appointment of counsel to assist him in his post-conviction proceeding. The district court simultaneously denied Gonzalez's motion for appointment of counsel and gave notice of its intent to dismiss Gonzalez's petition for post-conviction relief. In denying Gonzalez's motion for appointment of counsel, the district court ruled that the claims were frivolous because Gonzalez provided no facts in support of his claims and because the petition was untimely. Therefore, the district court concluded appointing counsel would be futile. The district court also notified Gonzalez that it intended to dismiss his petition because it was untimely. The district court noted that a petition for post-conviction relief had been improperly filed in Gonzalez's underlying criminal case.

Gonzalez responded, addressing only the timeliness ruling. He argued that he was informed by the Idaho State Correctional Center's paralegal to write his criminal case number on his initial petition for post-conviction relief.[1] The district court ruled that the two reasons provided by Gonzalez--that the paralegal helping him with the petition told him to put the criminal case number in the caption and that the court clerk should have told him the petition was improperly filed--did not fit within the narrow category of cases to which equitable tolling applies. Additionally, the district court ruled that Gonzalez did not address the alternative ground the district court provided in its notice of intent to dismiss--the lack of factual support for allegations of juror bias and the existence of an alibi witness who was not called to testify. Gonzalez timely appeals.

---

[1] This allegation was contained in a signed affidavit attached to his second petition for post-conviction relief.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. Idaho Code § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such

inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

### III.

### ANALYSIS

On appeal, Gonzalez asserts the district court made two errors: (1) the district court erred in ruling his petition for post-conviction relief was untimely; and (2) the district court abused its discretion in denying Gonzalez's motion for appointment of counsel.

4

**A.     Timeliness of Post-Conviction Relief Petition**

Gonzalez argues he filed a timely petition for post-conviction relief that contained a clerical error, i.e., his criminal case number within the caption. In response, the State argues this Court lacks jurisdiction to consider Gonzalez's argument, the record does not establish that the July 18, 2016, filing was sufficient to open a post-conviction case, and Gonzalez's argument is irrelevant.

Idaho Code Section 19-4902 provides that a petition "may be filed at any time within one (1) year from the expiration of the time for appeal or from the determination of a proceeding following an appeal, whichever is later." Absent a showing by the petitioner that the one-year limitation should be tolled, the failure to file a timely petition for post-conviction relief is a basis for dismissal of the petition. *Evensiosky v. State*, 136 Idaho 189, 190, 30 P.3d 967, 968 (2001); *Sayas v. State*, 139 Idaho 957, 959, 88 P.3d 776, 778 (Ct. App. 2003). Our review of the district court's construction and application of the time limitations in the Uniform Post-Conviction Procedure Act is a matter of free review. *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

The district court relied on *Leer v. State*, 148 Idaho 112, 218 P.3d 1173 (Ct. App. 2009), when it ruled that Gonzalez's petition was untimely. Likewise, the State relies on *Leer* to support its argument that Gonzalez's attempt to file a petition did not toll the statute of limitations for filing a post-conviction petition. In *Leer*, the petitioner filed a motion for appointment of post-conviction counsel under the criminal case caption within the statutory limit for filing a post-conviction petition. *Id.* at 113, 218 P.3d at 1174. However, his petition for post-conviction relief was not filed until nearly six months after the statute of limitations had run. *Id.* at 114-15, 218 P.3d at 1175-76. The district court ruled that filing the motion for appointment of counsel was sufficient to toll the statute of limitations. *Id.* This Court reversed, holding that due to the sophistication of the motion, the petitioner was able to adequately and timely file a petition for post-conviction relief had he chosen to do so. Therefore equitable tolling was not applicable because the petitioner's failure to timely file a post-conviction petition was not due to the petitioner's inability to do so. *Id. Leer* is distinguishable.

In *Leer*, the petitioner did not file a petition within the statutory time frame. Rather, only a motion for appointment of counsel was filed. Here, Gonzalez actually filed a "Petition for

5

Post-Conviction Relief." Similar to *Leer*, Gonzalez also filed his post-conviction relief pleadings in the underlying criminal case.

Leer implies that the fact that Gonzalez wrote his underlying criminal case number is irrelevant as to whether he timely filed his petition for post-conviction relief. Rather, what is relevant is whether Gonzalez actually timely filed his petition for post-conviction relief. Unlike Gonzalez, the petitioner in *Leer* never filed a post-conviction petition. However, the fact that the *Leer* court was willing to entertain an argument that equitable tolling applied in relation to a document filed in a criminal case indicates that the case number included in the filing is not dispositive. It is well established in Idaho, with respect to post-judgment pleadings filed by convicted defendants, substance governs over form. *Dionne v. State*, 93 Idaho 235, 237, 459 P.2d 1017, 1019 (1969); *State v. Allen*, 153 Idaho 367, 369-70, 283 P.3d 114, 116-17 (Ct. App. 2012). There is no dispute that Gonzalez filed a "Petition for Post-Conviction Relief" within the statutory time frame. Therefore, the district court erred in ruling otherwise.

**B.      Appointment of Counsel**

If a post-conviction petitioner is unable to pay for the expenses of representation, the trial court may appoint counsel to represent the petitioner in preparing the petition in the trial court and on appeal. I.C. § 19-4904. The decision to grant or deny a request for court-appointed counsel lies within the discretion of the district court. *Grant v. State*, 156 Idaho 598, 603, 329 P.3d 380, 385 (Ct. App. 2014). In determining whether to appoint counsel pursuant to I.C. § 19-4904, the district court should determine if the petitioner is able to afford counsel and whether the situation is one in which counsel should be appointed to assist the petitioner. *Grant*, 156 Idaho at 603, 329 P.3d at 385. In its analysis, the district court should consider that petitions filed by a pro se petitioner may be conclusory and incomplete. *Id*. Facts sufficient to state a claim may not be alleged because they do not exist or because the pro se petitioner does not know the essential elements of a claim. *Id.* Some claims are so patently frivolous that they could not be developed into viable claims even with the assistance of counsel. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). However, if a petitioner alleges facts that raise the possibility of a valid claim, the district court should appoint counsel in order to give the petitioner an opportunity to work with counsel and properly allege the necessary supporting facts. *Grant*, 156 Idaho at 603, 329 P.3d at 385.

6

In assessing a request for post-conviction counsel, the district court must afford some leniency to pro se petitioners whose petitions may be inartful and incomplete. The trial court should keep in mind that "although facts sufficient to state a claim may not be alleged because they do not exist, they also may not be alleged because the *pro se* petitioner simply does not know what are the essential elements of the claim." *Charboneau*, 140 Idaho at 793, 102 P.3d at 1111. Therefore, when a motion for the appointment of counsel is presented, every inference is to be drawn in the petitioner's favor where the petitioner is unrepresented at that time and cannot be expected to know how to properly allege the necessary facts. "At a minimum, the trial court must carefully consider the request for counsel, before reaching a decision on the substantive merits of the petition . . . ." *Id.* at 794, 102 P.3d at 1113. If the trial court concludes that a petition does not demonstrate the possibility of a valid claim that would warrant appointment of counsel, the court must give the petitioner notice of the deficiencies in the petition.

> It is essential that the petitioner be given adequate notice of the claimed defects so he has an opportunity to respond and to give the trial court an adequate basis for deciding the need for counsel based upon the merits of the claims. If the court decides that the claims in the petition are frivolous, the court should provide sufficient information regarding the basis for its ruling to enable the petitioner to supplement the request with the necessary additional facts, if they exist. Although the petitioner is not entitled to have counsel appointed in order to search the record for possible nonfrivolous claims, he should be provided with a meaningful opportunity to supplement the record and to renew his request for court-appointed counsel prior to the dismissal of his petition where . . . he has alleged facts supporting some elements of a valid claim.

*Id.* at 793, 102 P.3d at 1112. It is thus apparent that the standard that a post-conviction petitioner must meet in order to call for appointment of counsel is considerably lower than the standard to avoid summary dismissal. With all inferences running in the petitioner's favor, the allegations and supporting evidence need only suggest the *possibility* of a valid claim that could be perfected with the assistance of an attorney. If this standard is met, the district court should appoint counsel in order to give the applicant an opportunity to work with counsel and properly allege the necessary supporting facts. *Id.* If, on the other hand, the claims are so patently frivolous that there appears no possibility that they could be developed into viable claims even with the assistance of counsel, the court may deny the motion for counsel and proceed with the usual procedure for dismissing meritless post-conviction petitions. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004).

Contrary to what the State argues, Gonzalez identified the potential alibi witness in his affidavit, his brother, and described the nature of the testimony that would have been elicited. Though semi-conclusory, Gonzalez provided evidence or argument that raised a possibility of a valid claim as to whether he was prejudiced by his counsel's failure to call an alibi witness. As the name suggests, an alibi witness testifies consistent with the defendant's contention that he was somewhere other than at the scene of the crime at the time the crime occurred. As such, the district court did not act consistently with the applicable legal standards in ruling otherwise.

With respect to the ineffective assistance of counsel claim regarding biased jurors, Gonzalez did not fail to raise a possibility of a claim, warranting denial of appointment of counsel. Rather, Gonzalez stated in his affidavit that three jurors were biased because Juror No. 29 was a friend of a witness and Jurors Nos. 3 and 43 were friends with law enforcement. In a motion for appointment of counsel, the proper standard is whether the petition alleges facts showing the possibility of a valid claim. "In deciding whether the *pro se* petition raises the possibility of a valid claim, the trial court should consider whether the facts alleged are such that a reasonable person with adequate means would be willing to retain counsel to conduct a further investigation into the claims." *Swader v. State*, 143 Idaho 651, 654, 152 P.2d 12, 15 (2007). Three potentially biased jurors, whom were friends with a witness and law enforcement, raise the possibility that counsel was ineffective in failing to object to the jurors and that this failure prejudiced Gonzalez. Therefore, the district court did not act consistently with the applicable legal standards in denying Gonzalez's request for counsel.

In dismissing Gonzalez's petition for post-conviction relief, the district court alternatively ruled that Gonzalez's allegations of juror bias and the existence of an alibi witness who was not called to testify lacked factual support. As stated above, the standard for appointment of post-conviction counsel is considerably lower than the standard to avoid summary dismissal. Because we conclude that the district court erred in applying the lower standard, we need not address the district court's application of the higher standard regarding the factual support provided for Gonzalez's claims. While appointed counsel may determine that there is insufficient evidence to continue with the claim, it was inappropriate to deny the initial appointment when Gonzalez presented at least a possibility of a valid claim. *Id.* at 655, 152 P.2d at 16.

## IV.

## CONCLUSION

Gonzalez timely filed a petition for post-conviction relief. Therefore, the district court erred in summarily dismissing his petition for post-conviction relief as untimely. Further, Gonzalez raised the possibility of a claim of ineffective assistance of counsel both in failing to object to alleged biased jurors as well as failing to call an alibi witness. Therefore, the district court erred in denying Gonzalez's motion for appointment of counsel. Accordingly, the judgment summarily dismissing Gonzalez's petition for post-conviction relief is vacated, the order denying Gonzalez's motion for appointment of counsel is reversed, and the case is remanded for further proceedings consistent with this opinion.

Judge HUSKEY and Judge LORELLO **CONCUR**.