**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 46181**

| STATE OF IDAHO, | ) | |
| --- | --- | --- |
| | ) | **Filed: June 28, 2019** |
| Plaintiff-Respondent, | ) | |
| | ) | **Karel A. Lehrman, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| THOMAS K. HOOLEY, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. John K. Butler, District Judge.

Order denying motion for new trial, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeff D. Nye, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Thomas K. Hooley appeals from the district court's denial of his motion for new trial. Hooley asserts the district court erred by failing to treat his motion as a petition for post-conviction relief. Additionally, Hooley contends that as a motion for post-conviction relief, the district court erred by dismissing the petition without providing adequate notice of, and time to correct, the defects in the petition. The State asserts that Hooley's motion was an untimely filed Idaho Criminal Rule 34 motion, which was the basis of the district court's dismissal of the motion. Because the district court correctly concluded Hooley's motion was an untimely I.C.R. 34 motion, we affirm.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Following a jury trial, Hooley was convicted of aiding and abetting aggravated battery and first degree kidnapping. The district court entered a judgment of conviction and imposed a unified sentence of twenty-five years, with five years determinate, for the aiding and abetting aggravated battery and an indeterminate twenty-year sentence for the first degree kidnapping, with the sentences to run concurrently. Hooley timely appealed his conviction. This Court affirmed the judgment of conviction in an unpublished opinion. *State v. Hooley*, Docket No. 42627 (Ct. App. Dec. 2, 2015). The remittitur was issued on December 18, 2015.

More than two years later, on May 7, 2018, Hooley filed a pro se "Motion For New Trial Based on Evidence withheld in violation of *Brady*[1] with attached exhibits in support of motion" asserting the State unconstitutionally withheld evidence during the course of the trial that may have been favorable to Hooley's defense. Hooley alleged the State withheld evidence relating to previous detentions and interviews of other persons of interest, investigations of an officer safety alert issued jointly by the Bingham County Sheriff's Office and Blackfoot Police Department shortly after the crime, and information relating to the victim's description of the crime scene. The district court denied the motion, finding that as a motion for new trial, it was untimely filed pursuant to I.C.R. 34. Hooley timely appeals.

# II.

## STANDARD OF REVIEW

A decision on a motion for new trial is reviewed under an abuse of discretion standard. *State v. Egersdorf*, 126 Idaho 684, 687, 889 P.2d 118, 121 (Ct. App. 1995). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion, acted consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

---

[1]     *Brady v. Maryland*, 373 U.S. 83 (1963) requires the prosecution to disclose to the defense all exculpatory evidence known to the State or in its possession.

ANALYSIS

A.    **The District Court Did Not Err in Construing the Motion as an Untimely Motion for New Trial Under I.C.R.  34**

Hooley acknowledges his petition was inartfully drafted, but contends the district court erred in construing the filing as an untimely motion for new trial under I.C.R. 34 instead of a timely petition for post-conviction relief under the Uniform Post-Conviction Procedure Act, Idaho Code § 19-4901.  Although individuals may assert claims arising from wrongfully withheld evidence under either I.C.R. 34 or I.C. § 19-4901, the actions are commenced through different means and subjected to different time constraints.  Motions filed pursuant to I.C.R. 34 are commenced by a defendant filing a motion in the underlying criminal case within two years of the final judgment of conviction.  Post-conviction petitions are civil in nature and are commenced by a petitioner filing a separate civil action against the State generally within one year from the expiration of the time for an appeal, from the determination of an appeal, or from the determination of a proceeding following an appeal.  I.C. § 19-4902.

Hooley contends that while the caption of his motion included his criminal case number and the title "Motion For New Trial Based on Evidence withheld in violation of *Brady* with attached exhibits in support of the motion," the filing adequately informed the district court that he was seeking a new trial through a petition for post-conviction relief, not a motion for new trial based on newly discovered evidence.  Hooley claims his filing is a post-conviction petition because the language used in the document's caption listed himself as the "Plaintiff/Petitioner" and Hooley gave no indication that he intended to file the document in his criminal case because he did not cite to I.C.R. 34.[2]  Further, Hooley asserts, pursuant to *Dionne v. State*, 93 Idaho 235, 459 P.2d 1017 (1969), substance, not form, governs the classification of a pro se filing and the substance of Hooley's motion is better characterized as a petition for post-conviction relief because he alleged *Brady* violations in the full title and the substance of the filing.  Thus, Hooley claims the district court should have considered the motion as a timely filed post-conviction petition because he filed the petition within a reasonable time after his discovery of the existence of the wrongfully withheld evidence.  However, the State asserts the district court properly considered the filing as an untimely motion for new trial under I.C.R. 34 because Hooley filed

---

2    Hooley acknowledges that he also did not cite Idaho Code § 19-4901.

the document in his criminal case by listing his criminal case number on the document's caption, precluding its consideration as a petition for post-conviction relief under established precedent. Because Hooley filed the motion in his criminal case, we affirm.

Pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.* The procedural requirements of commencing an action for post-conviction relief require that a petitioner file a verified petition under the UPCPA, which is a civil proceeding. I.C. § 19-4902. In *Jakoski*, the district court denied a defendant's motion to withdraw his guilty plea filed pursuant to I.C.R. 33 because he failed to show manifest injustice as required by the rule. *State v. Jakoski*, 139 Idaho 352, 354, 79 P.3d 711, 713 (2003). On appeal, the Idaho Supreme Court considered whether the filing could be treated as an application for post-conviction relief, despite the defendant's failure to create and file a separate civil petition. *Id.* at 355, 79 P.3d at 714. The Court found that it could not. *Id.* Although the substance of the claim was a claim also typically raised in post-conviction proceedings, the Court held that "it would be too much of a stretch to hold that a motion filed in a criminal case can be considered as a pleading commencing civil litigation." *Id.* Thus, the Court affirmed the district court's denial of the motion. *Id.* at 356, 79 P.3d at 715.

This precedent has been consistently relied upon by this Court, even when the record contained additional evidence of the party's intent to have the application considered a petition for post-conviction relief. In *State v. Allen*, 153 Idaho 367, 283 P.3d 114 (Ct. App. 2012), the defendant, represented by counsel, filed a motion to withdraw his guilty plea pursuant to I.C.R. 33 and, in the alternative, a motion for post-conviction relief under I.C. § 19-4901. *Allen*, 153 Idaho at 370, 283 P.3d at 117. Although the motion was labeled "Amended Motion for Withdrawal of Plea of Guilty and Motion for Post-Conviction Relief," and the substance of the filing included citations to both I.C.R. 33 and I.C. § 19-4901, the defendant submitted the motion as one document and filed it in his criminal case pursuant to I.C.R. 33. *Allen*, 153 Idaho at 370, 283 P.3d at 117. The Court applied the holding in *Jakoski* and held the motion would not be treated as a petition for post-conviction relief. *Allen*, 153 Idaho at 370, 283 P.3d at 117.

> Because post-conviction proceedings are separate from, not components of or mere appendages to, the underlying criminal proceedings, it follows that a post-conviction action must be initiated by filing a separate document (which should

4

be assigned a separate case number) and not, as occurred here, by an argument appended to a motion filed in the criminal case.

*Id.* Consequently, it is material whether a defendant requests relief through a motion filed in a criminal case or through a pleading commencing a new civil action. *Id.* A review of the record shows that the district court did not err in treating the filing as an I.C.R. 34 motion.

First, the information Hooley provided in the caption indicated the motion should be filed in Hooley's criminal case. Hooley listed his criminal case number in the caption of his motion and titled the filing as a "Motion For New Trial Based on Evidence withheld in violation of *Brady* with attached exhibits in support of motion." As a result, the clerk of the court filed the motion in Hooley's criminal case. Hooley is held to the same requirements, and subject to the same consequences, as an attorney who commences litigation. Although Hooley did list himself as the petitioner in the caption, this fact alone does not overcome the effect of writing his criminal case number on his motion's caption and using the criminal rule language in the title of the motion. Nor does it overcome the other deficiencies in the motion, such as a lack of verification of the motion as required by I.C. § 19-4902.

Second, although Hooley asserts that his failure to mention I.C.R. 34 in his filing demonstrated that he did not intend for it to be filed in his criminal case, the record demonstrates the contrary. Hooley's intent is established when he used his criminal case number on the motion's caption and cited the criminal case language in the title of the motion. He did not present the clerk with any indication that the clerk could or should have recognized as a pleading initiating a new civil action. Thus, the motion could only be filed in his criminal case.

Finally, the substance of Hooley's claim does not convert a motion filed in his criminal case into a petition for post-conviction relief. Hooley argues that the substance of his filing is indicative of a petition for post-conviction relief as it consists wholly of alleged *Brady* violations. This assertion is misplaced, as an individual may raise claims of wrongfully withheld evidence in violation of *Brady* either in the underlying criminal case through I.C.R. 34 or through a post-conviction proceeding pursuant to I.C. § 19-4901. Nevertheless, even if this Court accepted Hooley's argument, his *Brady* claim was not enough to convert a motion filed in a criminal case to a petition for post-conviction relief. In *Dionne*, the Idaho Supreme Court held that it was immaterial whether a filing was labeled an application for habeas corpus when it would have been more correctly characterized as a petition post-conviction relief because "[s]ubstance not form governs." *Dionne*, 93 Idaho at 237, 439 P.2d at 1019. However, there the Court addressed

two similar types of civil claims during a time when the State was changing its process by which violations of constitutional rights were raised. *Id.* This transition period could have resulted in some confusion for petitioners seeking to file similar civil claims. *See id.* In *Jakoski*, the Court declined to extend the principle that substance, not form, governs dissimilar claims. *Jakoski*, 139 Idaho at 355, 399 P.3d at 714. Thus, even if the substance of Hooley's motion consisted of claims that could also be civil in nature, because Hooley filed his motion in his criminal case, the district court did not error in determining that he brought the motion pursuant to I.C.R. 34 and denying it as untimely.

**B.      The District Court Did Not Err By Not Providing Hooley Notice of, and Time to Correct, the Defects in His Petition**

Next, Hooley asserts that as a properly considered petition for post-conviction relief, the district court was required to give him notice of the potential defects in his petition and time to correct them before dismissal. Because the district court did not err when it considered Hooley's filing as an untimely motion for new trial pursuant to I.C.R. 34, this argument need not be addressed.

## IV.

## CONCLUSION

The district court did not err by treating Hooley's filing as a motion brought pursuant to I.C.R. 34. Because, as Hooley concedes, the motion was time-barred in the criminal case, it was properly denied. Accordingly, the district court's order denying motion for new trial is affirmed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.

6